■ In the Matter of the Probate of the Will of CHARLES G. SNIPER, Deceased. ELIZABETH SNIPER, Appellant; MARGERY VLIET et al., Respondents.— Appeal from a decree of the Surrogate's Court, Tompkins County. On February 16, 1952 the decedent executed his will in ribbon copy typewritten form in the office of his lawyer. The will was executed with due regard to statutory formalities and the lawyer and his secretary were witnesses. After inquiry was made as to what would be done with a carbon copy, it was decided to sign and execute it also and this was done immediately and signed by both the testator and the witnesses. On December 23, 1954 the same procedure was followed in respect of a codicil. The ribbon copy of the will and of the codicil have been admitted to probate by the Surrogate and the carbon copies have been filed. The Surrogate ruled that both the ribbon copy and the carbon copy had in each instance been duly executed. The issue on appeal is whether in admitting the ribbon copies to probate the Surrogate had admitted the decedent's "last" will and testament, since in sequence of execution the carbon copies were executed after the ribbon copies. It would be reasonable to think from the argument that appellant would regard the probate of the carbon copies as the preferred procedure, but appellant does not argue for this result. Instead, she contends on some theory of estoppel not clearly demonstrated or entirely intelligible, that if the ribbon copies be denied probate because the carbon copies are the "last" will and codicil, that the carbon copies must also be denied probate because the respondents contended before the Surrogate on the issue of law involved that the ribbon copies and not the carbons should be probated. Thus, the appellant argues for a holding of intestacy on this record. We regard the decision of the Surrogate right as a matter of law. In cases of simultaneous execution of a will and a copy, the original is properly admitted and the copy should be filed for the record. In such a situation the testator is deemed to have executed one will. (*Crossman* v. *Crossman*, 95 N. Y. 145.) Decree admitting the will to probate affirmed, with costs to respondents against appellant. The intermediate procedural orders of the Surrogate of August 24, April 17, and April 5, 1956 and April 7, 1955 appealed from are affirmed, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ In the Matter of JAMES C. RICHARDSON, Petitioner, against NEW YORK STATE PAROLE DIVISION et al., Respondents.— The facts pleaded in the petition in this proceeding against the Division of Parole by petitioner who is a prisoner do not show a ground for relief. The petition alleges the Parole Division has not made a sufficient effort to help petitioner obtain a job as a condition of his release on parole. Application to review the refusal of Special Term to issue an order to show cause on these papers dismissed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.